### BOEHM *v.* MACE *et al.*

*(Common Pleas of New York City and County, General Term.    March 7, 1892.)*

**1. NEGLIGENCE—ELEVATOR ACCIDENT—INAPPLICABLE STATUTE.**

Plaintiff alleged that he was injured by reason of the absence of a sufficient guardrail around the floor of defendants' freight elevator, on which he was riding, but alleged nothing as to defendants' failure to inclose the elevator shaft, which also contributed to his injury. *Held,* that the court erred in allowing plaintiff to read in evidence Laws 1887, c. 462, § 8, requiring proprietors to inclose the shafts of elevators, if deemed necessary by the inspector for the safety of employes.

**2. SAME—WANT OF INSPECTION.**

The court also erred in allowing such provision to be read, in the absence of evidence of any opinion on the subject by the inspector, and or notice to defendants by him to inclose the shaft.

**8. SAME—DUTY TO PROCURE INSPECTION.**

No duty devolved upon defendants to procure an inspection of the elevator, and a direction by the inspector that it be inclosed; none being imposed by the statute in question.

Appeal from trial term.

Action by Conrad Boehm against Levi H. Mace and others to recover damage for personal injuries. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Cannon & Atwater,* (*Henry G. Atwater,* of counsel,) for appellants. *Gilbert R. Hawes,* for respondent.

DALY, C. J. The complaint alleged that the elevator on which plaintiff was riding was in an insecure, dangerous, and unsafe condition, in that there were no guard-rails around the same, and the floor or platform of the car of said elevator was improperly secured, was loose and worn out; that, by reason of such improper construction and unsafe condition, a heavy truck, intended for the carrying of goods, which was on the elevator at the time, was rolled, by the motion of said elevator, against and upon the plaintiff, thereby forcing him over the side of the elevator, and catching and crushing his right foot and leg between the side of the elevator and a beam of moulding projecting from the side of the elevator shaft between the first and second floors. On the trial, the plaintiff was allowed to read, against the objection and exception of defendants, the eighth section, c. 462, of the Laws of 1887, amending chapter 409 of the Laws of 1886, providing that it should be the duty of the owner of any manufacturing establishment, where hoisting shafts or well-holes are used, to cause the same to be properly and substantially inclosed or secured, if, in the opinion of the inspector, it is necessary, to protect the life or limbs of those employed in the establishment; and also to provide automatic doors at all elevator ways, so as to form a substantial surface, when closed, and so constructed as to open and close by action of the elevator in ascending or descending. Objection to this statute was made on the ground that the complaint did not allege that the accident happened by the failure to comply with its provisions, and that it had already appeared in evidence that the accident happened from an entirely different cause. The first grounds of objection were good. The negligence charged in the complaint was the absence of guard-rails around the elevator, and not the absence of a substantial inclosure around the shaft or well-hole. It is apparent that, where the complaint speaks of the elevator, the car of the elevator is intended, the allegation being that the plaintiff "took one of said elevators;" also, "that on said elevator there was a heavy truck;" that the truck was rolled against the plaintiff "by the motion of said elevator;" that he was forced "over the side of said elevator," and that his foot was crushed "between the side of said elevator and a beam or moulding projecting from the side of the elevator shaft;" so that the allegation that the elevator was insecure and dangerous in that there were no guard-rails around the same was an allegation respecting the elevator car, and could not refer to the absence of an inclosure of the elevator shaft. The objection that the neglect to comply with the statute was not the negligence set out in the complaint was therefore sound, and required the exclusion of the statute. The objection was made in time. The rule is strict that a recovery must be according to the pleading, as well as proof. But even if it might be argued that the accident did occur from a failure to inclose the elevator shaft, as provided in the statute, because the plaintiff's foot was caught between the side of the car and the floor beam of the floor above, which could not have happened if the whole shaft had been boarded in, yet something more than such fact was needed to prove a case of negligence, under the statute. It will be observed that the enactment requires the shaft or well-hol. to be inclosed or secured not absolutely, but only "if, in the opinion of the inspector, it is necessary, to protect the life or limbs of those employed in such establishment;" and it was not shown that any such opinion had been confessed or conveyed to the defendants, nor any notice to inclose the shaft or well-hole given to them, prior to the happening of the ac-

cident, which occurred July 28, 1888. It is argued by respondent that it was the duty of defendants to inclose the elevator shaft without waiting for the notice from the inspector; quoting *Willy* v. *Mulledy*, 78 N. Y. 310, and *Mc-Rickard* v. *Flint*, 114 N. Y. 222, 21 N. E. Rep. 153, holding that, where the owner of premises is required by statute to provide certain safety appliances, to be such as shall be directed and approved by a public officer or department, it is the duty of such owner to seek and obtain the necessary direction and approval, and that, if he fails to do so, and to provide the appliances provided by statute, he is chargeable with negligence. The statute invoked in this case differs from those referred to in the cases cited. Laws 1873, c. 863; Laws 1874, c. 547. There was an absolute duty imposed by those statutes. Here there was no duty until the discretion of the inspector had been exercised in each particular case, and, discretion depended upon his judgment as to whether it was necessary for the protection of the employes in the particular establishment, there was therefore no general duty upon the proprietors of all establishments to provide such safeguards as required by the general building laws, and hence no active duty was imposed upon the owner of all establishments in which elevators were in use to invoke the exercise of the discretion of the factory inspector before continuing such use. It would seem, therefore, erroneous to admit proof of the statute in this case, and to submit, as was done, to the jury the question of negligence of the defendant assumed to arise from a failure to comply with the statute; no case of negligence under the statute having been pleaded or proved. Judgment reversed, and a new trial ordered, with costs to abide the event.