RACHEL A. WOOLSEY, Respondent, *v.* THE TRUSTEES OF THE VILLAGE OF ELLENVILLE, Appellant.

*Personal injury — negligence — variance between the allegations of the complaint and the proof as to the cause of the injury.*

In an action brought to recover damages for a personal injury alleged to have been caused through the defendant's negligence, the plaintiff cannot allege in his complaint one thing as the proximate cause of his injury and upon the trial prove another to have been such proximate cause.

In an action brought against a village to recover damages for a personal injury received by the plaintiff through falling on an icy sidewalk, the complaint alleged that travel on the sidewalk was rendered dangerous at the place in

question by a hole or depression in which snow and ice accumulated; on the trial the plaintiff was permitted to give evidence, without the complaint being amended, that the dangerous condition of the sidewalk resulted from the overflow of water and formation of ice caused by a defective ditch, or an obstruction of the ditch, along a cross street, and this theory of the cause of the injury was submitted by the court to the jury, which found a verdict for the plaintiff. *Held*, that such reception of evidence as to a cause of the injury not alleged in the complaint, and its submission to the jury, were improper.

APPEAL by the defendant, the Trustees of the Village of Ellenville, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Ulster county on the 27th day of June, 1892, upon a verdict rendered at the Ulster Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*G. G. & J. B. Keeler* and *A. T. Clearwater*, for the appellant.

*John E. Van Etten*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff and against the defendants, in an action for personal injuries alleged to have been caused through the negligence of the defendants.

The plaintiff in her complaint alleges " that on, or about, the 11th day of December, 1886, and for a long time prior thereto, a dangerous hole or depression existed in the sidewalk of said Canal street, along its westerly side, nearly opposite a place called the ' Tannery ' into which hole or depression in said sidewalk, water and snow were allowed to accumulate, and form into ice, rendering travel thereon unsafe and dangerous."

The plaintiff testified that on the night of the 11th day of December, 1886, she fell upon the ice at the place described in the complaint; that she visited the spot next morning, and found a glare of water ice through which she could see the sidewalk; she claimed that there was a cracked or broken stone where she fell, in which the water had accumulated; there was snow upon the ground at the time, and the evidence is that for several days prior to the accident the weather had been such as to cause alternate thawing and freezing. There is some conflict of testimony as to this alleged

hole or depression in the sidewalk, the plaintiff claiming that there was a piece of stone broken out, leaving a V-shaped hole. The defendants contended, and produced evidence to support them, that it was merely a crack across the flagstone, and a slight depression of the edges of the crack, which would hold but a few teaspoonfuls of water.

Canal street is a village street, and at the place in question the sidewalk was flagged, and the sod and earth upon each side of the flags appear to have been slightly higher than the stone of the sidewalk.

The evidence tended to show that west of Canal street there is a natural elevation of land descending slightly towards the sidewalk, from which, in case of storm or thaws, when snow is upon the ground, the water would run over and upon the sidewalk of said street.

At a distance of about twenty or more feet from where plaintiff fell, Canal street is crossed at nearly right angles by Cross street; on each side of Cross street there is a ditch to carry off surface water, which ditch is bridged over by the flag or crosswalk stone at the intersection of Cross and Canal streets.

Under the objections of the defendants, the plaintiff, upon the trial, introduced evidence tending to show that the ditch on the southerly side of Cross street was insufficient in size; that the hole under the crosswalk stone was also insufficient in size and improperly located to allow the water to pass through from the ditch; that the ditch itself had been permitted to become obstructed, and the hole under the crosswalk stone to become choked up, and in consequence the water which should have been conducted away by the ditch, was caused to flow over the sidewalk of Canal street; and the plaintiff claimed that it was such water remaining upon the sidewalk, in the depression that she claimed existed, which froze, forming ice upon which she fell.

In charging the jury, the court laid great stress upon the alleged defect in and obstructions of the ditch on Cross street. The court charged that : " It is alleged, as I have said to you, and it is upon that theory that an action must be maintained, if at all, that there was a defect in the construction of that ditch on the southerly side of Cross street, at or about the point of its intersection with the west-

erly side of Canal street, so that the water, by reason of this defect, was discharged, not through the sewer or ditch on the westerly side of Canal street, but especially at the time of a heavy rain or melting of snow a volume of water was discharged over Canal street, and allowed to congeal. Or further, it is alleged that there was an obstruction or defect in that outlet; that it was permitted to be filled by an accumulation of ice and other matter, so that the aperture, or that the cavity there designed for the water of Cross street, or from the southerly half of Cross street, to discharge from could not go into that cavity or aperture, by reason of this obstruction, but on the contrary was discharged upon Canal street. It is upon that theory that the plaintiff must succeed in this action, for if the ice existed there on Canal street — if you find that ice did exist there at the time of this accident, and that was formed by reason of water, melted snow, running easterly from the slope of the land, the natural slope of the land lying to the west of Canal street, that that was the natural result or effect of water flowing from the westerly side, from the slope which has been described to you; if you find a slope of that kind existed, then it was a condition of things for which this defendant could not legally be liable. And so, I think, this action depends upon the question of the construction of the ditch on Canal street on the westerly side, the construction of the ditch of Cross street on the southerly side, or of the obstruction of the outlet at the intersection of the two."

Then, after charging the jury upon the question as to whether there was or was not a dangerous hole in the sidewalk on Canal street, and as to whether as a matter of fact, there was ice on the sidewalk on the 11th day of December, 1886, and also upon the principle that where there are two causes which may have produced the injury, for one of which causes the defendants are responsible, and the other for which they are not, that it is incumbent upon the plaintiff to show that the accident happened as the result of that cause for which the defendants are responsible, the court proceeded to charge as follows:

" So you come back to the question : Was this injury the result and consequence, a legitimate consequence, of the condition of the cavity or aperture at the juncture of those two sewers, or rather at the place where the Cross street sewer was designed to empty into

the Canal street sewer? Was it the result of the imperfect construction of those in the first instance, or of the obstruction? That is the serious question for your consideration. It is claimed upon the part of the plaintiff, as I have said to you, that it was improperly constructed, and that obstructions to the natural flow of the water from Cross street sewer into Canal street were permitted to exist, and were permitted to exist for such a length of time that negligence upon the part of the defendant can be imputed."

It will thus be seen that the case was principally tried and presented to the jury upon the question as to whether the defendants had been derelict in their duty in the constructing and properly maintaining the ditch on Cross street, and that the question was presented to the jury as to whether the defect and obstructions in such ditch were the proximate causes of the plaintiff's injury; this was a departure from the plaintiff's complaint; it was a different cause of action from that set forth in the complaint; it was a different and distinct charge of negligence from that alleged in the complaint. The complaint set forth one claim of negligence, and a different one was presented to the jury. The view which the trial court took of the case seems to me to be made perfectly clear in that portion of the charge in which the court stated that if the ice upon which plaintiff fell " was formed by reason of water, melted snow, running easterly from the slope of the land, the natural slope of the land lying to the west of Canal street, that that was the natural result or effect of water flowing from the westerly side, from the slope which has been described to you; if you find that a slope of that kind existed, then it was a condition of things for which this defendant could not legally be liable." Thus, holding the defendants liable, not for the hole in the sidewalk, but for faulty construction and obstruction of the ditch.

If the hollow or dangerous hole existed in the sidewalk as alleged in the complaint, and water formed in it causing the accident, it would be of no consequence where the water came from. No matter whether it came there by reason of negligence of the defendants or not, if the dangerous hole existed by reason of the defendants' negligence, that would fix their liability, not the source from which came the water that filled the hole and subsequently froze. The error in this case, it seems to me, consists in this, that the proximate

cause of the accident alleged in the complaint is different from the proximate cause attempted to be proved upon the trial, and presented to the jury by the court. The reception of the evidence in relation to the faulty construction of the ditch and its obstruction was objected and excepted to upon the trial, and also the charge of the court in which it submitted to the jury the question of the defendants' liability because of the alleged faulty construction and obstructions of the ditch or gutter.

The complaint was not amended or sought to be amended upon the trial, so as to set forth the different cause of action sought to be established. In an action for negligence, I do not think it proper for the plaintiff to allege in his complaint one thing as the proximate cause of his injuries, and upon the trial prove another as the proximate cause. It is a fundamental law of pleading and of evidence that the proof must follow the allegations of the pleadings, and the plaintiff can only recover upon the cause of action stated in his complaint. (*Reid* v. *McConnell*, 133 N. Y. 425; *Day* v. *Town of New Lots*, 107 id. 148; *Truesdell* v. *Sarles*, 104 id. 164; *Wright* v. *Delafield*, 25 id. 266.)

Judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, a new trial ordered, costs to abide the event.