man for a long distance, and he had ample time to check the speed of his car. The case turned mainly on the question whether the plaintiff was turning off the track when his cart was struck by the car, or whether he was driving along the street, and suddenly turned his cart upon the track upon which the car was moving. We have carefully examined the exceptions, and discover no error. The judgment and order denying a new trial affirmed, with costs.

(10 Misc. Rep. 6.)

### BERNTSEN v. HUNER.

(City Court of Brooklyn, General Term.    October 22, 1894.)

PLEADING—MISJOINDER OF CAUSES—DEMURRER.
    An objection that causes of action are improperly joined can be taken only by demurrer.

Appeal from trial term.

Action by Charles Berntsen against John T. Huner.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Uriah W. Tompkins, for appellant.

L. H. Hurst, for respondent.

VAN WYCK, J.    Plaintiff recovered a verdict herein for $450, and from the judgment entered thereupon, and from the order denying motion for new trial, this appeal is taken.    Assuming that appellant's contention is correct, that there are two causes of action,—one for trespass upon real estate, and the other for trespass against the person (an assault),—even then he is in no position to raise the question that they were improperly united, for he waived that objection by failing to make it upon demurrer. Code Civ. Proc. §§ 484, 488, 499.    Upon the refusal of the trial court to charge a general request that, for trespass, only nominal damages can be recovered, error cannot be predicated, for it cannot be seriously insisted upon that, for trespass against the person (an assault), such a rule is correct.    We think the testimony sustains the verdict, and that the verdict is not excessive.    Judgment and order must be affirmed, with costs.

OSBORNE, J., concurs.

(10 Misc. Rep. 7.)

### ZBOYNSKI v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.    October 22, 1894.)

PLEADING—AMENDMENT—NEW CAUSE OF ACTION.
    Where the complaint states that, while plaintiff was attempting to enter defendant's street car, he was thrown down and injured by the sudden and negligent starting of the car, a proposed amendment stating that the injury was caused by defendant's driver pushing plaintiff off

the car when he attempted to board it states a different cause of action from that alleged in the complaint (Code Civ. Proc. § 723), and therefore cannot be allowed on the trial.

Appeal from trial term.

Action by Thomas Zboynski against the Brooklyn City Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.
Dailey, Bell & Crane, for respondent.

VAN WYCK, J. The plaintiff alleged in the complaint that while defendant's car was at a standstill, and he was in the act of entering the same by way of the front platform, the driver thereof "negligently and carelessly, and without giving the plaintiff any warning or notice, started said car suddenly and violently, throwing plaintiff from said car against the wall of the carhouse," and injured him. There was a total failure to prove this allegation. The plaintiff himself, when called to tell how the accident occurred, testified that, while he was on the first step of the front platform, in the act of getting on the car, which was standing still, the driver thereof pushed him in his breast with his hand off the car against the wall. This testimony was admissible as a part of the transaction resulting in the accident complained of, and also for the purpose of negativing the cause of action alleged. The cause of action alleged was one for negligence of the driver. The one proved was for an assault upon a passenger by the driver. This point was raised by defendant's request to charge that unless the plaintiff was thrown from the car by reason of its being started suddenly, as alleged in the complaint, he cannot recover. This request was refused, and defendant excepted. After the jury had retired, the court allowed the complaint to be amended by setting up the cause of action for the assault.

The question for our consideration is not whether such amendment can be made at special term on notice, but whether it can be made at the trial of the case. There was a total failure in its entire scope to prove the cause of action alleged. Code Civ. Proc. § 531. The court, upon the trial, is not authorized to allow an amendment which substantially changes the claim or defense (Id. § 723); and the amendment was not only a substantial change of the claim, but was the substitution of another cause of action for the one pleaded, and that is forbidden by the law, at the trial, notwithstanding the broad discretion confided to courts in the matter of liberal amendments (Hall v. Reflector Co., 30 Hun, 375; Cumber v. Schoenfeldt [Com. Pl. N. Y.] 12 N. Y. Supp. 282; Reeder v. Sayre, 70 N. Y. 181; Southwick v. Bank, 84 N. Y., at page 420; Price v. Brown, 98 N. Y. 388; Dexter v. Ivins, 133 N. Y. 551, 30 N. E. 594).

Judgment and order must be reversed, and new trial ordered, with costs to abide the event.