the plaintiffs were guilty of contributory negligence in attempting to cross. Under the circumstances, a collision was not only probable, but was certain, and the riders seem to be responsible for it.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(18 Misc. Rep. 9)

## COYLE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

PLEADING AND PROOF—VARIANCE.

Where a complaint alleges that the accident sued for was caused by the failure of the persons in charge of the street car which struck plaintiff to give a timely warning of its approach, but contains no general averment of negligence, evidence that the accident was caused by the omission to stop the car or to slacken its speed is not admissible without an amendment of the complaint.

Appeal from city court of New York, general term.

Action by Hugh Coyle against Third Avenue Railroad Company for personal injuries alleged to have been sustained in a collision with one of defendant's cable cars, through the negligence of an employé in control of the car to give warning of its approach. A judgment in favor of plaintiff was affirmed by the city court (40 N. Y. Supp. 362), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry L. Scheuerman and Eugene Treadwell, for appellant.

Hyman Levy, for respondent.

BISCHOFF, J. The plaintiff sued to recover damages for personal injuries which he claimed to have sustained in a collision with one of the defendant's cable cars while driving his heavily laden cart over the tracks of the railroad at its intersection with Fifteenth street in the city of New York. The complaint contained no general averment of negligence on the part of the defendant, or any of its servants, but particularized the omission of the defendant's servant in charge of the car to give timely warning of the latter's approach as the only cause of the accident. On the trial it appeared from the plaintiff's admission that he was aware of the approach of the car when it was at Fourteenth street, more than 100 feet distant from the place at which he sought to cross the tracks. The evidence adduced in support of the cause of action was to the effect that, while no warning of the car's approach was in fact given, its violent impact with the plaintiff's cart was the result wholly of the omission to stop the car or slacken its speed, whereby the accident would have been avoided, in the exercise of reasonable care on the part of the defendant's servant. No amendment of the complaint was asked for or had, and, when the introduction of the plaintiff's direct evidence was concluded, the defendant's counsel moved for a nonsuit on the grounds that there was "no proof of any negligence on the part of the defendant as claimed in the complaint," and that "no negligence whatever"

was shown. The motion was renewed at the close of the whole case, and again denied. These denials were erroneous. The plaintiff knew of the approach of the car when he attempted to cross the track. Obviously, therefore, the omission to warn him of the car's approach was not a proximate cause of the accident, not actionable negligence (16 Am. & Eng. Enc. Law, 428); and while, under a general averment of negligence, a recovery may be had upon proof of any state of facts from which it appears that the injuries complained of were caused wholly by the omission of reasonable care on the part of the defendant (Oldfield v. Railroad Co., 14 N. Y. 310, 314; Edgerton v. Railroad Co., 39 N. Y. 227, 230), it does not follow that, without an amendment of the complaint which charges negligence in the omission to perform particular acts, or without the litigation by consent of the parties of a cause of action not alleged, a recovery is permissible upon proof that the accident resulted from the defendant's omission of reasonable care in some other respect (Boehm v. Mace, 28 Abb. N. C. 138, 18 N. Y. Supp. 106; Woolsey v. Trustees, 69 Hun, 489, 23 N. Y. Supp. 410; Zboynski v. Railroad Co., 10 Misc. Rep. 7, 30 N. Y. Supp. 540; Parker v. Railroad Co., 16 Barb. 315). The recovery in every case must be "secundum allegata et probata" (Romeyn v. Sickles [N. Y. App.] 15 N. E. 698), and the rule forbids, though the action may not be deprived of its character as one for negligence, recovery upon proof of a cause of action other than the one alleged (Pom. Rem. & Rem. Rights, p. 610, § 553, etc.; 28 Am. & Eng. Enc. Law, 59, note 5). The evidence urged in support of the plaintiff's recovery was relevant to the cause of action alleged (Platner v. Platner, 78 N. Y. 90), and admissible as a part of the res gestæ. Hence there is no room for inference from the defendant's failure to object to the introduction of the evidence in some instances that it intended to consent to the substitution and litigation of a cause of action other than the one alleged. Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910.

The judgment of the court below at general and trial terms must be reversed, and a new trial had, with costs to the appellant to abide the event. All concur.