(90 App. Div. 567.)

## DAVIS v. BROADALBIN KNITTING CO.

(Supreme Court, Appellate Division, Third Department.  January 6, 1904.)

1. ACTION UNDER EMPLOYERS' LIABILITY ACT — VARIANCE — PLEADING AND PROOF.

Without an amendment of the complaint to conform to the proof, in an action for personal injuries to an employé under the employers' liability act (Laws 1902, p. 1748, c. 600), it was error to permit a recovery on proof of acts of negligence wholly outside of the complaint, where seasonable objection was taken thereto.

Appeal from Trial Term, Fulton County.

Action by Otto Davis, by Emma Davis, his guardian ad litem, against the Broadalbin Knitting Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edward W. Douglass (Lewis E. Carr, of counsel), for appellant.

Florence J. Sullivan (Henry V. Borst, of counsel), for respondent.

HOUGHTON, J.  The plaintiff was injured while in the employ of the defendant, and brings this action to recover damages. The complaint alleges the giving of a notice of the time, place, and cause of the injuries to plaintiff, in the manner and within the time provided by the employers' liability act (Laws 1902, p. 1748, c. 600), and that defendant was negligent in omitting its duty of seeing that its "ways, works, and machinery" were proper and in proper condition. There is a further allegation that the "garnet machine," by which plaintiff was injured, was insufficiently protected, and was improper and insufficient for the purposes for which it was used.

The injury occurred in November, 1902, after the employers' liability act became a law, and the complaint must, we think, be construed as stating a cause of action founded upon that act. The plaintiff failed to prove the cause of action which he alleged. A "garnet machine" is one used for picking and cleaning wool, and consists of a series of picking cylinders standing about 22 inches from the floor. It was the custom in defendant's mill for an employé to crawl under the machine and lie on his back, and clean these cylinders from underneath while they slowly revolved. It was while doing this that the plaintiff's foot was caught between the cylinders and he was injured. There was no proof that this machine was not in proper repair, or that it was improper or insufficient for the purpose for which it was designed, or that the plaintiff was injured because it was insufficiently protected. There was no obligation on the part of the defendant to guard these cylinders against an employé, contact with which could be had only by crawling under the machine. The negligence of the defendant, if there was any negligence at all, consisted in its failure to prescribe a safer mode of cleaning the cylinders, or in failing to warn the plaintiff, who was under 15 years of age, of the danger in the work, or in permitting an employé of such immature years to engage in such hazardous business. And this was the theory,

against defendant's objection that such a cause of action was not alleged in the complaint, upon which the case was tried and submitted to the jury. No amendment of the complaint that it conform to the proof, or that it be amended by appropriate allegations to permit such proofs, was asked for upon the trial. Whether such amendment would have been proper, or whether, since the employers' liability act, an employé must bring his action for injuries under that act, or whether that act takes away from him his common-law right of action, we do not now decide. It is sufficient for the present case that against the defendant's objection, duly taken, the plaintiff recovered a judgment upon a common-law cause of action when his complaint set forth a cause of action wholly under the statute. His judgment is founded on a cause of action wholly separate and distinct from that alleged in his complaint, and cannot be sustained on appeal. Southwick v. First National Bank of Memphis, 84 N. Y. 420; Truesdell v. Sarles, 104 N. Y. 167, 10 N. E. 139; Reed v. McConnell, 133 N. Y. 426, 31 N. E. 22. Irrespective of whether or not an employé still retains his right to bring a common-law action for injuries against his employer notwithstanding the employers' liability act, if he chooses to bring his action under that act his proofs must establish a cause of action thereunder. He cannot plead within the precise terms of the act, and then be permitted to prove, if seasonable objection be made, acts of negligence wholly outside his complaint. Smith v. Lockwood, 13 Barb. 209; Woolsey v. Trustees of Ellenville, 69 Hun, 489, 23 N. Y. Supp. 410; Hoffman v. Third Ave. R. R. Co., 45 App. Div. 587, 61 N. Y. Supp. 590; Coyle v. Third Ave. R. R. Co., 18 Misc. Rep. 9, 40 N. Y. Supp. 1131.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.