(45 Misc. 355)

## HELLER v. DONELLAN.

### (Supreme Court, Appellate Term. November 10, 1904.)

1. PERSONAL INJURY—PETITION—CAUSE OF ACTION ALLEGED—RECOVERY ON ANOTHER CAUSE OF ACTION.

    Where, in an action by an employé of an independent contractor on a building in course of construction, the petition alleged that, through the negligence of the servants of the owner, the defendant, bricks were caused to fall from the upper stories of the building, striking plaintiff, an instruction authorizing a verdict for plaintiff on a finding that defendant was negligent in not providing proper coverings, protecting persons in the air shaft from injuries by materials falling from the upper stories, was erroneous, as allowing a recovery on a cause of action not pleaded.

2. SAME—INSTRUCTIONS—CALCULATION BY COURT OF AMOUNT OF DAMAGES.

    It is prejudicial error for the court, in a personal injury action, to state to the jury, in his charge, his calculation of the amount of damages sustained by plaintiff for loss of employment.

Appeal from City Court of New York.

Action by Frederick Heller against Albert V. Donellan. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Frederick E. Fishel (George Gordon Battle, of counsel), for appellant.

M. A. Sachs (Alexander Rosenthal, of counsel), for respondent.

FITZGERALD, J. Plaintiff, a carpenter employed by an independent contractor upon a building in course of construction, brings this action against defendant, the owner of the building, for damages for injuries resulting from the fall of a number of bricks upon him while he was in the act of descending by means of a ladder, causing him to fall off the ladder and into the basement. The chief issue of fact upon the testimony was whether the defendant was in charge of the bricklayers or not. It seems that an independent contractor also had been doing the brickwork, but it was claimed that the latter had finished or abandoned his job, and that at the time of the accident whatever bricklayers were engaged in the building were there under the supervision and control of the owner, this defendant.

The charge of negligence, as specifically set forth in the complaint, was:

"While plaintiff was lawfully on said premises of defendant, through the negligence, carelessness, and recklessness of his agents, servants, and em-

ployés, certain bricks were caused to fall from the upper stories of said building, striking the person of this plaintiff," etc.

This was the only assignment of negligence, but evidence was admitted, over defendant's objection (to which ruling exceptions were duly taken), tending to establish the negligence of the defendant, for failure to provide proper coverings to safeguard persons in the air shaft from being injured by materials falling from the upper stories, and the case was submitted to the jury upon two theories: First, were they satisfied that the bricks were negligently caused to fall, and that defendant was in control of the bricklayers, as pleaded; and, second (as not pleaded), if not satisfied upon the first point, then that they might find that the defendant, as owner, was negligent in not providing proper coverings. This was, in effect, saying that they might find that defendant was not liable upon the cause of action pleaded, but might be so upon a cause of action not pleaded, and was erroneous. Zboynski v. Brooklyn City R. R. Co., 10 Misc. Rep. 7, 30 N. Y. Supp. 540; Dexter v. Ivins, 133 N. Y. 551, 30 N. E. 594.

Moreover, we are of the opinion that the exception taken to the statement in the charge of the learned court that the loss of employment, according to his calculation, amounted to $864, and his failure to modify such statement at the suggestion of defendant's counsel, constituted prejudicial error.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.

