where the old Maccombs Dam bridge formerly was, and in not having that place sufficiently well lighted to give the plaintiff notice of the dangerous character of the place. The foot of Jerome avenue is a cul-de-sac by reason of the removal of the old bridge; it being necessary for one coming down Jerome avenue to take a sharp turn to the left at Ogden avenue in order to reach the new Maccombs Dam bridge. At the time of the accident that part of Jerome avenue below Ogden avenue was paved and guttered, there were trolley tracks clear to the end of the avenue, and there were sidewalks. From Odgen avenue to the embankment at the end of Jerome avenue is a little over 300 feet, and there is, or rather was at the time of the accident, an electric light at about half way. There seems to be, since the removal of the old bridge, no use for this cul-de-sac, except that it is used as a terminal for a trolley line. There was at the end of Jerome avenue, within a few feet of the embankment, an unpainted and weather-beaten picket fence, and a few feet in front of this fence was a low guard rail. The new bridge is almost directly in front of one coming down Jerome avenue, and is lighted at night. The plaintiff, with several others, came down Jerome avenue in an automobile. They failed to take the turn at Ogden avenue, and the machine crashed through the picket fence, went over the embankment, and plaintiff's intestate was thrown upon the New York Central Railroad tracks and killed by a passing train. The complaint was dismissed below by Justice Truax upon the ground that there was no evidence to show that the defendant had been negligent. I think the dismissal of the complaint was error. The position of the electric light, together with the paved and guttered condition of the street, would tend to lull the occupants of the automobile into a feeling of security and mislead them into thinking that the street was then, as formerly, a street approach to the bridge. Paving and electric lights are the ordinary accompaniments of an open and used street. The new bridge was directly in front of the occupants of the automobile, and was lighted. All around the point of danger the land was vacant, and would disclose no reason for a blind street. I think there was a question for the jury as to the negligence of the defendant in leaving the street in this condition without lighting the obstruction at the end or drawing attention in some way to the fact that the use of this street as an approach to a bridge had been discontinued. There was some evidence tending to show that the occupants of the automobile were guilty of contributory negligence; but this, also, I think was a question for the jury, because it cannot be concluded as matter of law that deceased was guilty of contributory negligence, especially as the deceased was not driving the automobile and no relationship of master and servant existed between the deceased and the driver. I dissent, therefore, from the conclusion reached by the majority of the court, thinking, as I do, that the judgment should be reversed, and a new trial ordered.

LAUGHLIN, J., concurs.

99 N.Y.S.—72

COX et al., Appellants, v. HAWKE, Respondent. (Supreme Court, Appellate Term. June 1, 1906.) Appeal from City Court of New York, Trial Term. Action by Arthur S. Cox and another against Madison G. Hawke. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered. See 96 N. Y. Supp. 433. Wentworth, Lowenstein & Stern, for appellants. G. M. Heumann, for respondent.

PER CURIAM. This is an action for brokers' commissions. The case has been tried three times. The complaint was dismissed on each occasion. On this trial the plaintiff presented a case which clearly entitled him to go to the jury. The facts elicited differ in no wise from those brought out on the former trials. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

CULLINAN, Com'r, Appellant, v. DALY et al., Respondents. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Patrick W. Cullinan, as commissioner, against Peter J. Daly and another. H. H. Kellogg, for appellant. S. J. O'Hare, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

CULLINAN, Com'r, Appellant, v. DWIGHT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Action by Patrick W. Cullinan, as commissioner, against Henry D. Dwight and others.

PER CURIAM. Order reversed, without costs of this appeal to either party, and motion granted, without costs.

WILLIAMS, J., not voting.

CURRY, Appellant, v. PRUDENTIAL INS. CO. OF AMERICA., Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Charles C. Curry against the Prudential Insurance Company of America. R. T. Greene, for appellant. W. O. Campbell, for respondent.

PER CURIAM. Judgment affirmed, with costs. Order filed.

CLARKE, J., dissents.

DAVIS, Respondent, v. BROADALBIN KNITTING CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 22, 1906.) On motion to amend judgment. Granted. For former opinion see 86 N. Y. Supp. 127.

HOUGHTON, J. Decision amended, so as to read as follows: "Judgment and order affirmed upon the facts, and reversed upon the law, and new trial granted, with costs to appellant to abide event."

DEMPSEY, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Joseph Dempsey, as administrator, etc., of Joseph Dempsey, Jr., deceased, against the Brooklyn Heights Railroad

Company. No opinion. Judgment and order unanimously affirmed, with costs.

**DENIKE v. DENIKE.** (Supreme Court, Appellate Division, Second Department. May 9, 1906.) In the matter of supplementary proceedings by Abraham Denike, judgment creditor, against Charles W. Denike, judgment debtor. No opinion. Orders affirmed, with $10 costs and disbursements.

**DENNY, Respondent, v. ENNIS et al., Appellants.** (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Action by Harmar St. C. Denny against Thomas A. Ennis and another. No opinion. Interlocutory judgment affirmed, with costs, with leave to defendants to plead over upon payment of the costs of the demurrer and of this appeal.

**DEPEW v. CITY OF NEW YORK.** (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Lorah A. Depew, as administratrix, against the city of New York. No opinion. Motion granted, with $10 costs. Order filed.

**DERINGER, Respondent, v. COLONIAL LIFE INS. CO. OF AMERICA, Appellant.** (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Laura Deringer against the Colonial Life Insurance Company of America. No opinion. Judgment and order affirmed, with costs.

**DE RONDA v. BELL et al.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by John D. De Ronda against Eva A. Bell and another. No opinion. Motion denied, on payment of $10 costs. Order filed.

**DORIENZA, Appellant, v. NEW YORK CITY RY. CO., Respondent.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Angelo Dorienza, as administratrix, against the New York City Railway Company. T. J. O'Neill, for appellant. E. D. O'Brien, for respondent.
PER CURIAM. Judgment and order affirmed, with costs. Order filed.
LAUGHLIN, J., dissents.

**DUFFY, Appellant, v. DUSENBURY, Respondent.** (Supreme Court, Appellate Term. June 20, 1906.) Appeal from City Court of New York, Special Term. Action by Jane E. Duffy, as executrix of Terence J. Duffy, against Mabel C. Dusenbury. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Judgment and order affirmed. Clark A. Wick and Clark L. Jordan, for appellant. Henry J. Hemmens and Charles S. Taylor, for respondent.
PER CURIAM. The sole question upon which we are asked to reverse the judgment is that it is based upon a verdict which is against the weight of evidence. While the trial disclosed facts which militate against the defense, and while perhaps a contrary verdict would have been more acceptable to us, the one rendered finds such support in the evidence that it should not be disturbed. Judgment and order affirmed.

**DUFORD v. EQUITABLE LIFE ASS'N SOC.** (Supreme Court, Appellate Division, First Department. May 18, 1906) Action by Rowland D. Duford against the Equitable Life Association Society. No opinion. Motion denied, on payment of $10 costs, and, on payment of an additional $10, leave given to apply to court below to open default. Order filed.

**DUNHAM, Appellant, v. HASTINGS PAVEMENT CO., Respondent.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Edward R. Dunham against the Hastings Pavement Company. A. Benedict, for appellant. J. S. Sheppard, Jr., for respondent. No opinion. Order modified by allowing service of complaint on payment to the defendant of $10 costs of motion and $10 costs and the disbursements of appeal, and, as modified, affirmed. Settle order on notice.

**DUNHAM v. HASTINGS PAVEMENT CO.** (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Edward R. Dunham against the Hastings Pavement Company. No opinion. Motion denied, with $10 costs. Order filed.

**DWIGHT v. LAWRENCE.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Julia L. Dwight against Edgar V. Lawrence. No opinion. Motion granted. Order resettled.

**In re EAST 138TH ST.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) In the matter of widening of East 138th street. No opinion. Order affirmed, with costs and disbursements. Order filed.

**EBLING BREWING CO. v. NEW YORK CITY INTERBORO R. CO.** (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by the Ebling Brewing Company against the New York City Interboro Railroad Company. No opinion. Motion granted. Order filed.

**In re EGAN'S ESTATE.** (Supreme Court, Appellate Division, First Department. April 20, 1906.) In the matter of Julia H. Egan, deceased. No opinion. Decree affirmed, with costs. Order filed.

**EHRENHAUSE v. ISEAR.** (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Leah Ehrenhause against Myer Isear. No opinion. Motion granted, with $10 costs. Order filed.

**FARMERS' LOAN & TRUST CO., Respondent, v. JASPER et al., Appellants.** (Supreme