### DE LA MAR v. HERDELEY.

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

#### No. 12.

MASTER AND SERVANT—ACTION FOR INJURIES—ISSUES AND PROOF.

While the courts are liberal with respect to variances between allegations and proof, the rule still exists that a plaintiff, to recover, must substantially prove the material allegations of his complaint, and, where the complaint in an action by a servant against his master to recover for a personal injury was based entirely on a specific ground of negligence alleged, it was error to instruct the jury that they might find for plaintiff although the negligence alleged was not proved, if the evidence established another and different act of negligence on the part of defendant which caused the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 861–876.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon a writ of error to review a judgment entered upon a verdict of a jury in favor of the defendant in error, who was the plaintiff below.

F. V. Johnson, for plaintiff in error.

Lester & Graves and Charles Yawger (Robert M. Miles, Jr., of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant, his employer. In this opinion the parties are designated as in the court below. The plaintiff alleges in his complaint that on July 25, 1903, he was employed by the defendant as a laborer in his copper-refining works; that on said day he was ordered by the defendant, through his agents, to put a wet bar of copper into a hot furnace partly filled with molten copper; that the placing of such a wet bar in the hot furnace was dangerous, in that copper when fed in a damp or wet condition into a hot furnace will explode; that the furnace was unfit for the purpose of receiving a bar of wet copper under such conditions; that the de-

fendant well knew the danger to be apprehended, but failed to warn or instruct the plaintiff, who was ignorant thereof; that while so putting said wet copper into the hot furnace an explosion took place with such force as to throw some of the molten copper through the open furnace door, striking the plaintiff in the eye. Upon the trial the plaintiff, to support the allegations of his complaint, offered evidence to show that, if a bar of copper is wet when put into molten copper in a furnace, the generation of steam is liable to cause an explosion; that on the occasion in question he, with another man, put a wet bar of copper into the furnace by means of a paddle or long-handled shovel; that an explosion took place which threw out molten copper and caused the injuries complained of; and that he was not warned of the danger or instructed as to his duties in the case of wet bars of copper. The defendant, on the other hand, offered evidence to prove that the bar was a dry bar, and that, when it was being put into the furnace through the door, it fell off and made a splash, which threw some of the molten copper out through the door and upon the plaintiff.

The defendant requested the court to charge the jury as follows:

"That there can be no recovery for the plaintiff under the pleadings and the evidence in this action, unless the jury find that the plaintiff's injury resulted from an explosion of copper, caused by putting a wet bar of copper into the molten metal."

The court refused to grant this request, and further stated:

"That I expressly decline to charge, and charge just as I have, because the defendant cannot come into court and by disclaiming the negligence alleged defeat a recovery for the same transaction by showing that the negligence for which the defendant was responsible was of a different character and nature."

The court further charged against the objection of the defendant:

"If the injury occurred through the carelessness of McNamara, the negligence of McNamara in putting a dry bar into that furnace, the plaintiff may recover if he himself was free from negligence, provided his injury was the result, also, of the negligence of the defendant in this action, which negligence, combined with the negligence of McNamara, produced the injury; that is, contributed to it. You can see, gentlemen, if it was the duty of the master, this defendant, to inform the plaintiff of the danger of flying metal caused by the dropping of a bar of cold copper into the molten mass, and if he had not performed that duty, and if Joe had not gained the information as to that danger otherwise, then, not knowing the danger, if it was not obvious to him, he might stand right by the door and see a fellow servant negligently pitch a bar of copper in there, and it would fly in his place and put out his eyes, and burn him seriously. Now, in that case, if he was injured here by being in the way of flying metal, and did not get out of the way, if you should so find, because he had not been adequately warned of such a danger, and had not gained the information otherwise, and he was free from negligence himself, and it was the negligence of the defendant, combined with McNamara's negligence, that caused him to be injured, those two things put together, then he can recover. The defendant here cannot escape by claiming that this was a dry bar and that McNamara was the man to blame, provided he himself was negligent in not properly warning the plaintiff against the acts which constituted the negligence of his fellow servant."

It is thus apparent that the trial court told the jury that they could bring in a verdict against the defendant upon grounds of negligence different from those stated in the complaint. All the allegations

relate to putting copper when wet into a hot furnace, and thereby causing an explosion. The court substantially told the jury that they could find for plaintiff, even though the bar was not wet and there was no explosion; that the defendant might be held responsible if the bar were dry and fell off the paddle, making a splash. The negligence which the defendant was chargeable with in this case, if negligent at all, was the breach of a master's duty. The duties and obligations of the parties upon the two theories of the accident were quite different. If the defendant ordered wet copper put into a hot furnace, he was bound to make reasonable provisions for the safety of the operators, and, if they were ignorant, to warn them of the danger to be apprehended from an explosion. On the other hand, there was no contention that the furnace was unfit for receiving dry bars. The danger to be apprehended from the splashing of molten metal when an object was dropped into it might have been obvious. Warnings and instructions to employés might not have been required. But, without intimating that the plaintiff could not have recovered upon the theory of negligence with respect to a dry bar if the complaint had been amended, we think it was error, without amendment, to charge the jury that they could base a verdict upon such theory.

While the courts are liberal with respect to variances between the allegations and the proof, the rule still exists that a plaintiff, to recover, must substantially prove the material allegations of his complaint. A plaintiff cannot be permitted "to raise issues for the first time by the evidence or to recover upon an issue other than related in the pleadings." Santa Fé, etc., R. Co. v. Hurley, 4 Ariz. 258, 36 Pac. 216; Wagner v. N. Y. & St. L. R. Co., 76 App. Div. 552, 78 N. Y. Supp. 696; Heller v. Donellan (Sup.) 90 N. Y. Supp. 352. Any other practice would fail to apprise a defendant of the demand he is called upon to meet, and a judgment would afford little protection against future recoveries for the same cause, because it would be impossible to tell upon what ground it was rendered.

As a new trial must be ordered for this misdirection, it is unnecessary to consider the other specifications of error.

A new trial is ordered; costs to abide the event.