(47 App. Div. 202.)
## DOWD v. ALBANY RY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. STREET RAILWAYS—RULES AS TO PASSENGERS.

   A rule of a street railway that "passengers must not be permitted to take into the cars packages or goods that are cumbersome or dangerous, such as barrels, boxes, trunks, gas pipe, lumber, and panes of glass," is reasonable as matter of law.

2. SAME—DANGEROUS ARTICLES.

   The court should charge, instead of leaving it for the determination of the jury, that a passenger carrying in his hands two rifles, with bayonets attached, besides a valise, may be excluded from a street car by the conductor, he using no unnecessary force, under a rule of the company that passengers shall not be permitted to take into the cars dangerous articles.

Appeal from Albany county court.

Action by Patrick H. Dowd against the Albany Railway. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, KELLOGG, and MERWIN, JJ.

John E. McLean (John H. Gleason, of counsel), for appellant.
John Scanlon, for respondent.

KELLOGG, J. This is an appeal from a judgment rendered in the county court of Albany county upon the verdict of a jury awarding plaintiff $300 damages. The plaintiff boarded the street car of defendant, carrying two rifles, with bayonets attached, and a valise. The conductor of the car informed him he could not ride with those guns, and requested him to get off. Upon this request the plaintiff did not voluntarily act. Some minutes later the conductor again told plaintiff he must get off the car, and thereupon forced him off, taking him by the collar of his coat, and pulling him. The plaintiff was not thrown down, and suffered no serious personal injury. This court would not, I think, be warranted in interfering with the verdict, except for what the learned court said in its charge to the jury. It seems to me there were two errors in the charge, either of which may have had serious effect on the finding of the jury. There was offered in evidence a rule of the company defendant reading: "Passengers must not be permitted to take into the cars packages or goods that are cumbersome or dangerous; such as barrels, boxes, trunks, gas pipe, lumber, and panes of glass." The court said to the jury that the defendant had a right to make reasonable rules, and that passengers must be governed by them, and then, in effect, left it to the jury to say whether this rule was reasonable; to which the defendant excepted. I think this was error, and that the court should have charged the jury, as a matter of law, that this was a reasonable rule. The court further charged the jury, in effect, that they might find that the guns, carried in the manner in which they were, were not dangerous, and the conductor was wrong in declaring them to be so. This, I think, was also error. The plaintiff, incumbered with a valise, carried these two rifles, with bayonets attached, in his hands, in a closed street car in which

there were a number of passengers, and passengers getting on and off at every crossing. The two guns, rigged and carried in that way by one man, with a valise also, were so obviously dangerous to others in the same car that it needed only the declaration of the conductor in charge to exclude the passenger proposing to ride so incumbered, and his declaration to that effect should have been conclusive, and the court should have instructed the jury that the only question for them to consider was whether unnecessary force was used in putting the plaintiff off the car, and, if so, what was the damage suffered because of such unnecessary force.

For the reasons stated, the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.