(96 App. Div. 48.)

## RAY v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. CARRIERS—INJURIES TO PASSENGERS—ASSAULT—COMPLAINT—CONSTRUCTION.
    Where a complaint charged that the conductor of defendant's street car, on which plaintiff was riding, unlawfully threatened to eject plaintiff therefrom, and did wrongfully, unlawfully beat and assault her, by reason whereof she was injured and greatly bruised, etc., but did not allege that she was actually put off the car, it stated a cause of action for assault and battery only, and not for ejection.

2. SAME—PROOF.
    Where a complaint by a passenger on a street car alleged a cause of action for assault only, and not for ejection, and the proof showed that plaintiff, on being told by the conductor that she could not ride while carrying a large steel cage in her hand, left the car without being forcibly expelled, it was error to charge that, if plaintiff was illegally compelled to leave the car, she was entitled to such damages as the evidence warranted.

89 N.Y.S.—4

3. SAME—RULES—CARRYING OF PACKAGES.

A rule of a street railway company forbidding the carrying of cumbersome packages into their cars by passengers is reasonable.

4. SAME—VERDICT—EVIDENCE.

Where a passenger boarded a street car carrying a cage 2½ feet high and 2 feet square, a verdict finding that such package was not cumbersome, within a rule prohibiting passengers from carrying cumbersome packages into the cars, cannot be sustained.

5. SAME—ACTS OF CONDUCTOR—DISCRETION.

The decision of the conductor of a street car that a package carried by a passenger was "cumbersome," within a rule of the company prohibiting passengers from carrying cumbersome packages on board the cars, should be sustained unless such determination was unreasonable and willful.

Appeal from Albany County Court.

Action by Mary A. Ray against the United Traction Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Rosendale & Hessberg (Albert Hessberg, of counsel), for appellant.

Walter H. Wertime (Mark Cohn, of counsel), for respondent.

PARKER, P. J. The complaint in this action charges that a conductor on one of the defendant's cars unlawfully threatened to eject the plaintiff therefrom, and did wrongfully, unlawfully beat and assault her, by reason whereof she was injured about her hand, and was greatly bruised, etc., to her damage of $2,000; and she asked judgment against the defendant therefor. There is no averment in the complaint that she was actually put off the car, or that she got off. The complaint is clearly one for assault and battery by the defendant's agent, and for nothing more. The court charged the jury that there was no assault and battery by the conductor upon the plaintiff, and in that it was fully justified by the evidence. The plaintiff's own statement utterly failed to show one. She did testify, however, that because she had a steel cage in her hand—one purchased for and large enough to keep a parrot in—the conductor refused to take her fare, and told her that she must get off the car; that it was not permitted to carry such articles on the car; that, upon his insisting that she get off, she did so, and was greatly humiliated, and suffered great mental agony, etc., thereby. The court charged the jury to the effect that, although there was no assault and battery committed upon her, yet that, "if you find this plaintiff was illegally ejected or compelled to get off of this car, then she is entitled to such damages as you feel the evidence warrants." This charge was duly excepted to by the defendant's attorney, and in this connection he asked the court to charge that: "This is an action for assault. Unless the jury find the plaintiff was assaulted by the company or agents, there can be no recovery." The court refused so to charge, and the defendant excepted. This charge and refusal was error. It is a familiar rule that a plaintiff may not plead one cause of action and recover up-

on another. Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; Reed v. McConnell, 133 N. Y. 425, 434, 31 N. E. 22. It is true that evidence tending to show that the plaintiff was not allowed to ride on the car and carry the cage with her came into the case without objection, but it came in as part of the transaction between herself and the conductor. It could not properly have been excluded, and all of it was properly in as tending to show a justification for a forcible exclusion from the car had the plaintiff given any evidence to show that she was forcibly expelled. It was but incidental to the cause of action upon which alone she sought to recover, viz., an assault and battery upon her; and upon her resting her case the defendant moved for a nonsuit upon the ground that she had utterly failed to prove the assault. Thus the objection was squarely taken, and it seems clear error to permit her to recover for a reason neither claimed nor suggested in her complaint. Moreover, it further appears that the cage which she was carrying was 2 feet square and from 2 feet to 2½ feet high. This is the size which the conductor and the inspector give it, and such evidence is not substantially contradicted by the plaintiff. She did not attempt to give any measurements, except she said it was as wide as her lap, and upon the seat of the car would occupy the space of one passenger. A rule of the company forbids the carrying of "cumbersome" packages, and the court instructed the jury, without objection by the plaintiff's attorney, that, if such cage was a "cumbersome package" within the meaning of that rule, the plaintiff could not recover. The jury must be deemed, therefore, to have found that it was not. But the question arises whether that finding is supported by the evidence. As stated above, we must assume from the evidence that the package was some 2½ feet high and 2 feet square. Can we sustain the verdict of a jury that such a sized package is not a cumbersome one? If we do, we practically hold that every passenger has the right to carry such a package in the car. This decision will be authority to all travelers that such rule of the company does not exclude a package of that size. The rule is a reasonable one (Dowd v. Albany Railway, 47 App. Div. 202, 62 N. Y. Supp. 179), and its purpose is evident. A package that would reduce the carrying capacity of a car to one-half if the package was deposited on the seat by the side of the carrier would evidently amount to an unmitigated nuisance if each seat was occupied by a party attempting to carry such a package on his or her lap. Therefore, in my judgment, such a package is a "cumbersome" one within the purpose and intent of that rule. While I would not hold that, as a matter of law, the decision of the conductor should be controlling upon that subject, yet it should have great weight, and his action in determining whether or not the rule is being violated in each particular case should not be reversed by a jury unless it is a case of willful or unreasonable judgment on his part. In the case before us I am of the opinion that the determination of the conductor should have controlled, and that he was justified in enforcing the rule against the plaintiff, and requiring her to leave the car if she insisted on carrying the cage. On

her own evidence, she does not claim that he used any force what-
ever against her. He but told her that she was violating the rule,
and must therefore get off, and she thereupon got off.

The judgment and order should be reversed on the law and the
facts, and a new trial granted; costs to the appellant to abide the
event. All concur; SMITH, J., in result, and CHESTER, J., on
the ground that plaintiff has not proved cause of action alleged in
complaint.