the responsibilities imposed by the law, and there is no reason or authority for the court to undertake to make a new affidavit for any one. The warrant might properly be amended to conform to the affidavits. The affidavits might be withdrawn, and new ones substituted. King v. King, 68 App. Div. 189, 190, 74 N. Y. Supp. 119, and authority there cited. But to say that the court can change the form or substance of an individual affidavit for the purpose of gaining jurisdiction is to hold a doctrine extremely dangerous to individual and property rights.

The order appealed from should be reversed, with $10 costs and disbursements, and the attachment should be vacated, with costs. All concur.

(96 App. Div. 594.)

O'GORMAN v. NEW YORK & Q. C. RY. CO.

BELL v. SAME.

(Supreme Court, Appellate Division, Second Department.  July 28, 1904.)

1. APPEAL—SEPARATE ACTIONS—NECESSITY FOR SEPARATE RECORDS.
    Although separate actions involving the same questions were tried together, separate records should have been prepared for the purpose of appeal.

2. CARRIERS—REGULATIONS—REASONABLENESS—QUESTIONS FOR COURT.
    It is the right and duty of railroad corporations to make regulations for the convenience, comfort, and safety of their passengers, and the question of the propriety and reasonableness of such regulations is to be determined by the court, rather than by the jury.

3. SAME—CARRIAGE OF DOGS—PROHIBITION—REASONABLENESS OF RULE.
    A rule of an electric railway company forbidding carriage of dogs on cars is a reasonable one, within the power of the company to make and enforce.

4. SAME—CONSTRUCTION OF RULE.
    A rule of an electric railway company providing that "no dogs, lumber, large packages, bicycles,  *  *  *  or other articles of a bulky nature, that may interfere with the accommodation of passengers," will be allowed on cars, excludes all dogs; and the qualification forbidding things interfering with the accommodation of passengers relates only to articles carried by them, and not to dogs.

Appeal from Trial Term, Queens County.

Separate actions by Richard O'Gorman and Nellie Bell against the New York & Queens County Railway Company. From judgments for plaintiffs in each, and from orders denying motions for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Van Vechten Veeder (I. R. Oeland, of counsel), for appellant.

William Z. Gold, for respondents.

HIRSCHBERG, P. J.  A single record herein presents for review the recoveries in two actions which involve the same questions, and were tried together.  Separate records should have been prepared for

¶ 2. See Carriers, vol. 9, Cent. Dig. §§ 972, 994, 1493.

the purpose of the appeal, and the court must not be deemed to sanction the appellant's practice by considering and determining the questions as presented in this instance.

The plaintiffs were passengers upon one of the defendant's trolley cars in the borough of Queens, New York City, on June 24, 1902, and were ejected from the car by the conductor. The cause of the ejection, as claimed by the defendant upon the trial, was an alleged violation by the plaintiffs of one of the rules of the company, which prohibits the carrying of dogs upon the car. The conductor testified that he called the attention of the plaintiffs to the rule, and informed them that they could not carry their dog with them; that he refused to receive their fare, but ordered them from the car, which order they obeyed, without being subjected to any violence. On the other hand, the evidence on the part of the plaintiffs tends to establish an assault under circumstances which might require an affirmance, had the cases been submitted to the jury without reversible error.

The rule of the company is as follows:

"No dogs, lumber, large packages, bicycles, baby carriages, explosive material, open buckets containing paint, whitewash or calsomine, or other articles of a bulky nature, that may interfere with the accommodation of passengers, or articles which from their odor or otherwise would be offensive to passengers, will be allowed on the car."

The learned trial justice, in charging the jury, instructed them as follows:

"Now, the proper reading of this rule qualifies it, as to dogs, by the further provision 'that may interfere with the accommodation of passengers.' This rule does not absolutely forbid the carrying of all dogs. It is only dogs that may interfere with the accommodation of passengers, or which, from their odor or otherwise, would be offensive to passengers, which means the same thing. So this rule did not absolutely forbid dogs. And this dog was not within this rule unless you find that it was liable to interfere with the accommodation of passengers. If this rule did absolutely forbid the carrying of dogs; if you should differ from me as to what this rule means; if you should adopt the defendant's interpretation of this rule, and think that it means to forbid all dogs, of every size and kind—the little fox terrier as well as the great dane with savage instincts and frightful aspect—then I instruct you that it is an unreasonable rule, and that therefore they had no right to make it."

We think the learned trial court was in error as to both propositions; that is to say, we think that the rule, by its terms, excluded all dogs, and that such a rule is not unreasonable. That it is both the right and the duty of railroad corporations to make regulations for the convenience, comfort, and safety of their passengers, and that the question of the propriety and reasonableness of such regulations is to be determined by the court, rather than by the jury, would seem to be well settled in this state. Hibbard v. N. Y. & E. R. Co., 15 N. Y. 455; Vedder v. Fellows, 20 N. Y. 126; Putnam v. Broadway & Seventh Avenue R. R. Co., 55 N. Y. 108, 14 Am. Rep. 190; Peck v. N. Y. C. & H. R. R. R. Co., 70 N. Y. 587; Morris v. Atlantic Avenue R. R. Co., 116 N. Y. 552, 22 N. E. 1097; Avery v. N. Y. C. & H. R. R. R. Co., 121 N. Y. 31, 24 N. E. 20; Muckle v. Rochester Railway Co., 79 Hun, 32, 29 N. Y. Supp. 732; Dowd v. Albany Railway, 47 App. Div. 202, 62 N. Y. Supp. 179; Rowe v. Brooklyn Heights R. R. Co., 71 App. Div. 474, 75

N. Y. Supp. 893. In these cases various regulations have been sustained—the rule, for example, in Dowd v. Albany Railway, supra, relating to the size of packages which passengers may carry; the one in Rowe v. Brooklyn Heights R. R. Co., supra, prohibiting employés in uniform from occupying a front seat; and the one in Peck v. N. Y. C. & H. R. R. R. Co., supra, requiring females traveling alone, or with male relatives or friends, to ride in a special car. A rule cannot be regarded as unreasonable which tends to the comfort and safety of passengers, and to the preservation of good order, which, as was said in the Peck Case, 70 N. Y. 589, "it is a duty of a carrier of passengers to be vigilant in seeking." The regulation in question is quite a common one, and it needs no argument to establish the fact that the indiscriminate carrying of dogs upon the street cars of a large city would be calculated to disturb the comfort and jeopardize the peace and security of the passengers.

That the prohibition in question applies to all dogs is equally plain. The rule is appropriately worded so as to read, in effect, that "no dogs * * * will be allowed on the car." The qualifications forbidding anything of a bulky nature, that may interfere with the accommodation of passengers, or which may be offensive, from odor or otherwise, relate specifically to articles carried by the passengers, and can no more be applied to the dogs than they could to the baby carriages. A rule which discriminated as to dogs would be practically unenforceable, as it would be impossible to expect passengers and conductors to agree as to which dogs should and which should not be carried. Such a rule might well be regarded as unreasonable, as it would necessarily tend to favor one person's dog, while that of another would be rejected as unfit to travel with human passengers. We think the defendant, not being compelled by the law to carry any dogs, could lawfully determine that it would carry none, and that it has clearly and explicitly set forth that purpose in the regulation under consideration. The judgment and order should be reversed.

Judgments and orders reversed, and new trial granted; costs to abide the event. All concur.