JOHN TUFFEY, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

BRIDGET TUFFEY, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

HONORA FLOOD, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

CATHARINE FLOOD, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

ANNIE SHELLY, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

THOMAS TUFFEY, an Infant, by ANTHONY DUFFY, his Guardian ad Litem, Appellant, *v.* BROOKLYN UNION GAS COMPANY, Respondent.

*The practice of trying together and reviewing upon a single record a number of separate actions having different parties, discouraged.*

As many separate and distinct actions involving different parties may be tried together as the trial court is willing to permit, if the parties to such actions desire it, but the practice should not be encouraged, especially where one of the parties whose rights may be jeopardized by such practice is an infant.

The practice of asking the Appellate Division to review upon a single record judgments and orders denying motions for new trials, entered in separate actions involving different parties, is obnoxious to the court.

APPEAL in each of the above-entitled actions by the plaintiff in such action, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings, in the first five actions, on the 20th day of May, 1904, and in the

last action on the 2d day of May, 1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of April, 1904, denying the plaintiffs' motions for a new trial made upon the minutes.

*Jesse W. Johnson,* for the appellants.

*Edwin A. Jones* [*Harford T. Marshall* with him on the brief], for the respondent.

MILLER, J.:

Notwithstanding the suggestion in *O'Gorman* v. *N. Y. & Queens County R. Co.* (96 App. Div. 594), the plaintiffs in five separate actions tried together ask this court to review the judgments rendered against them, and the order denying a motion for a new trial on a single record.

Each of five plaintiffs, one of whom is an infant, claims to have a separate and distinct cause of action for personal injuries alleged to have been occasioned by the negligence of the defendant in allowing gas to escape from its pipe into the dwelling of which the plaintiffs were all inmates. Obviously the facts upon which the questions of contributory negligence and damages in each case depended were separate and distinct. Some of the plaintiffs may have been entitled to recover and others not, and yet the cases were tried as one, and submitted to the jury in such a manner as must necessarily have led the jury to believe that all or none were entitled to recover. There is a single order in the case denying a motion for a new trial, and a single notice of appeal. It might well be in such a case as this that some of the appellants might be entitled to succeed in their appeal and others not. Undoubtedly if the parties desire it, as many separate and distinct causes of action with different parties in each may be tried together as the trial court is willing to permit, but the practice is not to be encouraged, especially where one of the parties whose rights may thus be jeopardized is an infant, and while we have decided to consider this appeal upon the merits, hereafter when appellants seek to have the questions involved in separate actions reviewed upon a single record, they must be prepared for disappointment in this court.

SECOND DEPARTMENT, MARCH, 1905.                    [Vol. 102.

The evidence tended to show that the injuries complained of resulted from gas escaping into the cellar of the house occupied by the plaintiffs, through an old pipe which was rusted and had not been in use for some years. It appeared that during the day preceding the events complained of the defendant had been excavating in the street in front of said premises, replacing its mains and the pipes leading into residences. There was no evidence, however, showing that the pipe in question was connected with the defendant's main, nor did it appear that the defendant owned the pipe or exercised any control over it. Nevertheless the trial court submitted the question of the defendant's negligence and of the plaintiffs' contributory negligence to the jury, charging the jury that the plaintiffs could only recover for such damage as they sustained before they knew the gas was coming in ; that after they discovered that the gas was coming into the house it was their duty to get out. At the close of the charge the following request was made by the plaintiffs : " I ask your Honor to charge the jury that there is no evidence that the plaintiff * had any knowledge that the gas came from inside the house or any evidence that they knew there was a gas pipe," to which the court replied : " I will deny that; they knew that there was a gas pipe there and that gas was coming in ; they all say so." To this the plaintiffs excepted. It does not appear that any injury was sustained by the plaintiffs before the discovery of gas in the house. With possibly one exception they all testified that they supposed the gas came from out of doors from the excavation made by the defendant, and their testimony was directed to the efforts made by them to get the gas out or avoid its effects. The instruction of the court, to which exception was taken, was in effect an instruction that the parties had all testified that they knew the gas was entering the cellar through the gas pipe referred to, and when read in connection with the main charge must have influenced the jury to render a verdict for the defendant irrespective of the question of its negligence. This instruction was in direct conflict with the testimony of the plaintiffs, and although the plaintiffs should probably have been nonsuited for failure to show any causal connection between the escape of the gas and negligence of the defendant they have a judgment against them on the merits which

*Sic.*

we cannot say was not produced by the erroneous instruction excepted to.

The judgment and order appealed from should be reversed and a new trial granted to each of the plaintiffs, costs to abide the event.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred ; HOOKER, J., not voting.

Judgment and order in each case reversed and new trial granted, one bill of costs of this appeal to abide the event.