(112 App. Div. 239)

SCHEU v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

CARRIERS—INJURY TO PASSENGERS—ISSUES—VARIANCE.

The variance between the complaint, in an action for injuries to a pas-
senger, which alleges that while she was riding as a passenger, and seated,
the carrier propelled its cars at such a dangerous rate of speed around a
curve as to throw her from her seat to the ground, and the proof, which
shows that the injuries were received while she attempted to alight, is
fatal to a recovery, in the absence of an amendment to the complaint,
though the carrier was not misled.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1281.]

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Magdalena Scheu against the Union Railway Company of
New York City. From a judgment for plaintiff, and from an order
denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-
HAM, CLARKE, and HOUGHTON, JJ.

Anthony J. Ernest, for appellant.

Alfred J. Talley, for respondent.

HOUGHTON, J.   We are constrained to reverse this judgment be-
cause the plaintiff was permitted to recover upon proof of a state of
facts wholly at variance with the negligent acts which she alleged in
her complaint.   The negligence which she pleaded was that while
riding as a passenger, and seated, the defendant propelled its car at
such a dangerous and high rate of speed around a curve that she was
thrown from her seat to the ground, sustaining the injuries of which
she complains.   Against the timely and repeated objection of the de-
fendant that the proof was at variance with the pleading, she was per-
mitted to show that she notified the conductor of her desire to alight,
and that he gave the signal for the car to stop, and that as the speed
slackened and as she was preparing to alight the car gave a sudden
and violent jerk, breaking her hold and throwing her to the ground.

There is a wide difference between the negligence of running a car
at such a reckless speed as to hurl passengers from their seats, and that
of not permitting a passenger a reasonable opportunity to alight after
signal which has been complied with.   The one in no sense involves
the other.   A party, having chosen and pleaded the acts for which he
seeks to hold his adversary in damages, must abide by his allegations,
unless relieved by amendment.   In an action brought to recover dam-
ages because of negligence, the plaintiff cannot allege in his complaint
one thing as the proximate cause of his injury, and upon the trial, if
Woolsey v. Trustees of Ellenville, 69 Hun, 489, 23 N. Y. Supp. 410;
objection be made, prove another to have been such proximate cause.
Newman v. Pennsylvania R. R. Co., 33 App. Div. 171, 53 N. Y. Supp.
456; Hoffman v. Third Ave., R. R. Co., 45 App. Div. 586, 61 N. Y.
Supp. 590; Davis v. Broadalbin Knitting Co., 90 App. Div. 567, 86
N. Y. Supp. 127.   And where such variance exists, and timely pro-
test is made, and no amendment is asked for or allowed, a judgment in

plaintiff's favor cannot be sustained on appeal, notwithstanding defendant was probably not misled. Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; Northam v. Dutchess Co. Mut. Ins. Co., 177 N. Y. 73, 69 N. E. 222; Ray v. United Traction Co., 96 App. Div. 48, 89 N. Y. Supp. 49.

In addition to the objections and motions which the defendant made to the receipt of proof that plaintiff was injured while she was attempting to alight from the car which was being brought to a stop to permit her so to do, the defendant requested the court to charge that there could be no recovery by reason of the failure of the defendant to afford the plaintiff a reasonable opportunity to alight, because the complaint contained no such allegation, and such request was refused. There was no proof that the plaintiff was thrown from her seat to the ground by reason of the high rate of speed of the car around a curve, and she therefore failed to sustain her allegation that such act brought about her injuries. She was permitted to recover upon proof of acts not set forth in her complaint nor embraced within its allegations. No amendment was asked for or allowed, and the judgment cannot be permitted to stand.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). I do not think that there was such a variance between the complaint and the proof as justified a reversal of this judgment. The testimony is entirely consistent, as I view it, with the allegations of the complaint that the plaintiff was thrown from the car while rounding the curve, after the speed had been accelerated as the car was approaching the curb. The defendant does not claim that it was surprised upon the trial by the variance between the complaint and the proof.

I think the evidence was sufficient to sustain the recovery, and that the judgment should be affirmed.