(113 App. Div. 181)

### STERN v. MAYER.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

BANKRUPTCY—PREFERENTIAL TRANSFERS.

Under Bankr. Act, § 60 (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), providing that if, within four months before the filing of a petition in bankruptcy, the bankrupt shall have given a preference by transferring property to a creditor who has reasonable cause to believe that the transaction was intended to give such preference, the trustee in bankruptcy may recover the property, etc., property which a creditor of a bankrupt purchased from the bankrupt within four months before the petition was filed, and later against the wishes of the bankrupt refused to pay for, saying that he would keep it and apply it on his indebtedness, was not preferentially transferred, and could not be recovered by the trustee in bankruptcy.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Simon T. Stern, as trustee in bankruptcy of the estate of Hyman Gattle, against David Mayer. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed and remanded.

See 91 N. Y. Supp. 292.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

A. S. Gilbert, for appellant.
Albert H. Gleason, for respondent.

HOUGHTON, J. The plaintiff as the duly appointed trustee of Hyman Gattle, a bankrupt, brings this action to recover the value of certain jewelry alleged to have been transferred by the bankrupt to the defendant as security for a claimed indebtedness.

The gist of the action is to recover the value of the security so unlawfully transferred by the bankrupt to the defendant, his creditor, on the ground that such transfer was in fraud of other creditors. The complaint alleges that on the 16th of June, 1903, a petition in involuntary bankruptcy was filed by certain creditors against Gattle, which resulted on the 20th of July following in adjudging him to be a bankrupt, and that in May preceding the defendant, claiming to be a creditor of Gattle in the sum of $1,600, received from him while he was insolvent, within the meaning and purview of the bankruptcy act and with knowledge thereof, the jewelry in question as security for such alleged indebtedness, and that such security was given intending to give the defendant a preference over the other creditors of Gattle, in order that he might receive a greater percentage of his alleged debt than the other creditors would obtain. Then follows an allegation of demand on the part of the plaintiff for the return of the security so delivered by the bankrupt or its value, and refusal on the part of the defendant to deliver and demand for a money judgment.

The action on appeal, from an intermediate order, was held by this court to be one at law, and was directed to be tried as such. 99 App. Div. 427, 91 N. Y. Supp. 292. The complaint is manifestly framed

under section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). That section provides that if, within four months before the filing of the petition in bankruptcy, the bankrupt shall have given a preference by transfer of property to a creditor who has reasonable cause to believe that the transaction was intended to give such preference, the transaction may be treated as voidable by the subsequently appointed trustee of the bankrupt, who may recover the property so transferred or its value. Collusion between the bankrupt and the creditor, and conspiring to give a favorite creditor greater advantage than the other creditors shall receive, is the gravamen of an action under this section, and evidently was so regarded by the plaintiff in framing his complaint.

On the trial the plaintiff proved that the defendant came to the bankrupt's place of business and pretended he wanted to buy the jewelry in question for his wife; that a price was fixed, and the same was delivered to him, with leave to return if unsatisfactory; that upon obtaining possession of it he refused to pay therefor and to redeliver, saying that the bankrupt owed him, and he would keep the articles as security for his debt. The bankrupt himself says that he did not consent that the defendant take or keep the jewelry as security, and that it was kept against his protest and demand for return, and that he threatened and actually brought replevin therefor. At the close of the plaintiff's testimony the defendant moved to dismiss the complaint on the ground that the plaintiff had wholly failed to prove the cause of action set forth in the complaint, and at the close of the defendant's evidence, which related to value only, the motion was renewed, and in both instances denied, and we think improperly.

It is very plain that the plaintiff failed to show that his bankrupt transferred any property to the defendant as security for his debt, intending thereby to create an unlawful preference in favor of the defendant as against his general creditors. On the contrary, he proved that the bankrupt did no such thing, and that, if any thing was done, it was that the defendant by deceit obtained possession of the jewelry, and against the protest of the bankrupt insisted upon retaining it because of the debt owing to him. If what the plaintiff proved was true, title to the jewelry in question never passed from the bankrupt to the defendant, but it did pass to the trustee on his appointment and qualification as such; and, if he had seen fit, he could have brought an action either in replevin or for the value of the property against the defendant by virtue of section 70 of the bankruptcy act (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). Such an action, however, would be upon the theory that the claim to the property, or its value, or the property itself, had never been out of the bankrupt, and came to the trustee by virtue of his appointment, and would be quite a different one than that set forth in the complaint.

The plaintiff made no request on the trial to be permitted to amend his complaint to conform to the proofs, and the defendant made seasonable and proper objection by his motions to dismiss. A party, having chosen and plead the acts for which he seeks to hold his adversary, must abide by his allegations unless relieved by amendment. Scheu v. Union Railway Company (Sup.) 98 N. Y. Supp. 278. He cannot

plead one cause of action and recover upon another if seasonable objection is made and no amendment of the complaint is asked for or allowed. Davis v. Broadalbin Knitting Co., 90 App. Div. 567, 86 N. Y. Supp. 127.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). The defendant obtained these goods from the bankrupt upon a statement that he wished to show them to his wife for the purpose of making a purchase. After he had obtained them he refused to redeliver them to the bankrupt or to purchase them, stating that he intended to hold them as security for a debt of the bankrupt to him. It is clearly disclosed that the intent of the defendant was to obtain possession of the goods and then hold them as security for his indebtedness, which would give him an unlawful preference under section 60 of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). The evidence offered by the plaintiff was received without objection as evidence tending to sustain the plaintiff's cause of action. If the defendant, after obtaining the goods and when asked for payment, had told the bankrupt that his wife would purchase them and offset the amount that the bankrupt owed him, the purchase having been made with the intent of thus securing an unlawful preference, I assume that the trustee in bankruptcy could maintain an action in the form here pleaded. The defendant obtained the goods for his wife to purchase if she desired them, intending at the time to get them into his possession so as to hold them as security for the indebtedness; and, having thus obtained the goods and held them to secure the indebtedness, I do not think he can defend against an action to recover the value of the goods as having been obtained by him for the purpose of obtaining an unlawful preference by claiming that he was guilty of a fraud, and that the bankrupt or his trustee could repudiate the transaction and recover the goods or their value upon that ground. But, if he wished to take this objection, I think he was bound to take it when the evidence was introduced, and that he could not lie by and allow the plaintiff to prove his cause of action, and then, when a good cause of action was proved, object to the sufficiency of the evidence under the complaint. The nature of the defendant's possession of these goods was entirely changed when the bankrupt requested him either to purchase or to return the goods. He refused to do either, but held them as security for the bankrupt's indebtedness to him. His possession of the goods after that was as collateral security for the payment of the bankrupt's indebtedness, and he was not then in a position to claim that he held the goods under any other right. While the bankrupt attempted to repudiate this relation, the trustee in bankruptcy recognized it, but claimed to be entitled to recover the goods as being in violation of the sixtieth section of the bankrupt law. That, I think, he had a right to do, and that the defendant would not then be allowed to say that he obtained the goods by fraud and not for the purpose that he announced when the bankrupt demanded their return.

There was no error in the submission of the case to the jury, and I think the judgment and order should be affirmed, with costs.