MICHAEL DOROCHUK, as Administrator, etc., of IGNATZ COPATZKEVITCH and Another, Deceased, and Another, Respondents, *v.* MICHAEL SKROBOT and Another, Appellants.

First Department, March 6, 1931.

*George J. Stacy* of counsel [*James J. Mahoney* and *Robert B. Livingston* with him on the brief; *James J. Mahoney*, attorney], for the appellant Michael Skrobot.

*Vine H. Smith* of counsel [*Charles C. Marrin* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant City of New York.

*Edgar J. Treacy*, for the respondents.

McAvoy, J. The two actions brought by Michael Dorochuk were for damages for personal injuries sustained by Ignatz Copatzkevitch and Tony Krawczak, which he claims caused their death; and the action brought by Thomas Kowalchuk was for damages for personal injuries resulting from a collision between an automobile owned and operated by defendant Michael Skrobot and an automobile truck owned and operated by defendant, The City of New York. These actions were consolidated.

Skrobot's claim is that he stopped his automobile as he came to Webster avenue, and when he started to cross Webster avenue the city's auto truck had not come to Claremont parkway. He asserts that when his automobile had gotten on the trolley tracks, which are located in the center of Webster avenue, the city's auto truck, which was being operated by one of its chauffeurs, in its business, struck the rear left-hand side of Skrobot's automobile and turned it over.

As a result of the collision Ignatz Copatzkevitch was killed outright, Tony Krawczak died on the following day, and Kowalchuk testified that he had his lips cut, one tooth knocked out and another tooth split, and a scar on his forehead.

The witnesses for the defendant, The City of New York, testified that Skrobot's car was going at an excessive rate of speed; that the city truck was actually crossing Claremont parkway when Skrobot's car attempted to beat it to the crossing, and that the accident was unavoidable on the part of the chauffeur of the city truck.

The proof discloses two distinct and irreconcilable versions of the accident. Both cannot be true as separate physical conditions.

In one version it is represented that when the Skrobot car reached Webster avenue the crossing was clear and the city truck was 100 feet or more to the south; that the Skrobot car thereupon proceeded across Webster avenue, but was violently struck and

overturned by the city car approaching the intersection at a high speed and striking the Skrobot car as it was proceeding slowly across Webster avenue and after it had actually reached the middle of that thoroughfare.

The other version portrays the city car as without fault and Skrobot's car as the cause of the accident.

The proof cannot be the basis of a finding of negligence against both defendants.

If the accident were due to the recklessness of Skrobot in attempting to drive around the front of the city truck instead of passing behind it, that finding precludes the liability of the city.

If the cross'ng were clear when Skrobot's car reached Webster avenue, then that car had the right of way and the right to cross and there was no fault in the driver.

The contradiction between the two versions of the happening as to the relative positions of the cars when they reached the intersection cannot be reconciled.

We think that the verdict against the defendant municipality is against the weight of credible evidence and should be reversed, and the finding of negligence against the defendant Skrobot should be affirmed.

The judgment as to the plaintiff Kowalchuk should be reversed and a new trial ordered, with costs to the defendants to abide the event.

The judgment in favor of the plaintiff administrator of the two decedents should be affirmed as to the defendant Skrobot, with costs, and reversed as to the defendant, The City of New York, and the action severed and a new trial ordered as to said defendant, appellant, The City of New York, with costs to said appellant to abide the event.

FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment as to plaintiff Kowalchuk reversed and a new trial ordered, with costs to defendants to abide the event. Judgment in favor of plaintiff administrator of the two decedents affirmed as to defendant Skrobot, with costs, and reversed as to the defendant, The City of New York and a new trial ordered as to said defendant, with costs to said defendant, appellant, to abide the event.

Settle order on notice.