Cohn, J.
The action is to recover damages for personal injuries sustained by plaintiff while he was crossing 2nd Avenue at the northerly crosswalk of 99th Street in the borough of Manhattan at about 1:00 a.m. on the 17th day of September, 1945. The motor vehicle which struck him was either the car owned and operated by defendant Joseph Baffa, which was going north on 2nd Avenue, or the one operated by the defendant Kalle Kalervo, which was going south on the avenue. Though Baffa was represented by counsel at the trial, who actively participated therein, Baffa did not at any time appear in the courtroom. His attorney made a statement to the effect that he had been informed by Baffa’s brother that “ Joseph Baffa does not wish to appear in the trial and is not interested in the outcome of the case.” The jury rendered a verdict for plaintiff in the sum of $7,500 against defendants Baffa and Kalervo. Defendant Bertel Troberg was not served nor did he appear. Kalervo is the only defendant appealing from the judgment entered upon that verdict.
*141 Though the complaint charges, and the bill of particulars states, that plaintiff was struck by the motor vehicles of the defendants and that his injuries were caused solely through the negligence of the defendants in operating their respective motor vehicles, plaintiff’s proof on the trial was to the effect that the only automobile which struck him and caused his injuries was the one operated at an excessive rate of speed by defendant Kalervo. The proof offered by plaintiff as well as that presented on behalf of the defendants precludes any possibility that both cars struck him or that the two cars collided and thereafter struck him. The case was tried by plaintiff upon the theory that Kalervo’s car hit him and that the other vehicle had nothing whatever to do with the accident.
Evidence adduced by defendant Kalervo through his own testimony and that of witnesses who arrived at the scene after the occurrence of the accident was to the effect that plaintiff was struck on 2nd Avenue between 99th Street and 100th Street by a northbound automobile driven by defendant Baffa, who then veered over suddenly into the southbound part of the highway into the path of Kalervo’s car which was traveling south on the right side of the white line on 2nd Avenue. When police officers arrived, the automobiles of both defendants were still in contact or as otherwise expressed “ locked together ”, the car of defendant Baffa being on the wrong side of the road. Police Officer Michael Phillips testified that at the scene of the accident immediately after it had occurred Baffa admitted to him, “ he was driving north and became excited, and he thought he struck somebody and swung over to the left * * * and collided with a southbound car. ” The officers also stated that they found plaintiff, after he had been struck, seated on the easterly curb of 2nd Avenue about thirty feet north of the north crosswalk of 99th Street.
The case went to the jury with an instruction from the court that the complaint was one against the joint action of the two cars. In his charge the Trial Justice authorized a verdict against either defendant or against both Baffa and Kalervo. However, there is no testimony in the record to support a verdict against both. At plaintiff’s request the court charged that “If * * * two persons are charged with negligence on the part of the plaintiff, they are jointly liable for their negligence, regardless of whether one was more negligent than the other.” This charge was a correct statement of the law but it had no application to the facts in this case. Upon the evidence, either defendant might *142 have been liable bnt under no aspect of the proof could the jury adjudge both guilty of negligence. A verdict against Baffa alone or against appellant alone of course could find support in the record but there was not a scintilla of proof to sustain the verdict against both.
Defendant Kalervo repeatedly called attention to the variance between the pleadings and proof and moved to dismiss plaintiff’s complaint upon that ground at the conclusion of plaintiff’s case and again at the close of the entire case. The objection to plaintiff’s proof on the trial that the accident was caused not by the collision of two cars as alleged in his complaint, but solely by the operation of one of the two, was timely and sufficient. The rule is well settled that a judgment should be rendered in conformity with the allegations and the proof. A judgment rendered in favor of plaintiff cannot stand since the allegations of the complaint are not proved (Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; Neudecker v. Kohlberg, 81 N. Y. 296; Piper v. New York State Railways, 185 App. Div. 184). Where a party has chosen to plead the acts for which he seeks to hold his adversary, he must abide by his allegations unless relieved by amendment (Stern v. Mayer, 113 App. Div. 181). Here, plaintiff did not at any time make any request to conform the pleadings to the proof nor did he request that a verdict of the jury, if the jury were to find for plaintiff, could be rendered only against one of the defendants and not against both. The apposite rule is well stated in Reed v. McConnell (133 N. Y. 425, 434) as follows: “Where a cause of action is imperfectly stated, or on the trial a variance is disclosed between the pleadings and the proof, not affecting the essential nature of the claim asserted, the court has ample power to grant relief without turning a party out of court. But where the allegation of the complaint is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but a failure of proof, and no judgment can be rendered in favor of the plaintiff upon the pleading as it stands.”
In Lamphere v. Lang (213 N. Y. 585, 588), the court said: “ The evidence admitted did not tend to establish the cause of action set forth in the complaint and the judgment did not follow the allegations of the complaint. The law on the subject is clear. ‘ Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would *143 serve no useful purpose. * * V (Romeyn v. Sickles, 108 N. Y. 650, 652.) ‘ The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, “ secondum allegata et probata ”, is fundamental in the administration of justice. * * * ’ ”
There were here only two distinct and irreconcilable versions of the accident. In the circumstances the jury should not have been given the alternative of a third version finding both defendants negligent in view of complete absence of proof that there was joint negligence. A verdict embracing such a finding should have been set aside (Dorochuk v. Skrobot, 231 App. Div. 660, affd. 257 N. Y. 530). We think too that the verdict, so far as defendant Kalervo is concerned, was contrary to the weight of the credible evidence.
For the foregoing reasons the judgment so far as appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Van Voorhis and Shientag, JJ., concur; Dore, J., concurs in result.
Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.