Dwight Blair, an Infant, by Roy Blair, His Guardian ad Litem, Respondent, et al., Plaintiff, *v.* New York University College of Dentistry, Appellant, and Mark A. Wallach, Respondent.

First Department, December 14, 1961.

*David S. Konheim* of counsel (*Hartsell, Harrington & Jacobs,* attorneys), for New York University College of Dentistry, appellant.

*Harvey Lacon* for Dwight Blair, respondent.

*E. Edan Spencer* for Mark A. Wallach, respondent.

*Per Curiam.* Defendant New York University College of Dentistry appeals from a judgment, upon a verdict for the infant plaintiff in the amount of $9,000, following a trial before a jury. Defendant also appeals from that portion of the judgment which dismissed its cross claim against defendant Mark A. Wallach, D.D.S., the cross claim having been dismissed after the jury rendered its verdict in favor of defendant Wallach on plaintiff's direct claim against him.

This was a malpractice action in which damages were claimed on behalf of the five-year-old plaintiff for injuries allegedly resulting from negligent dental care rendered at a clinic operated by defendant dental college. Plaintiff sued the dental college and Dr. Wallach, the supervising dentist in the dental clinic.

It was plaintiff's claim that a hypodermic syringe with a needle too short for the purpose was used to inject an anesthetic into the boy's jaw. As the needle was withdrawn, the boy suddenly moved and the needle broke off at the chuck or " hub " of the syringe. Being allegedly too short, the needle did not extend above the tissue surface and could not be removed without a surgical operation. The claim was also made that the dental college was negligent in failing to undertake the necessary surgical operation immediately. Two operations, one a week later and the other more than a year later, were necessary to locate and remove the broken needle.

The complaint alleged that the dental work was performed by Dr. Wallach, the supervising dentist. Moreover, Dr. Wallach admitted the allegation in his answer as well as in a pretrial deposition. At the trial, however, plaintiff's counsel presented, in addition to Dr. Wallach's deposition, contrary proof that the injection had actually been performed by an unlicensed student

dentist named Jacobs. Both the dental college and Dr. Wallach objected to this proof, but the objection was overruled and the point has been reasserted on appeal.

For the reasons that follow the judgment should be reversed to the extent appealed from and a new trial ordered.

The proof raised an issue of fact whether the needle used for the injection was long enough to allow for easy and immediate extraction, by the use of thumb forceps, in the event of a break in the needle at the hub of the syringe. Plaintiff's expert testified that in the case of a five-year-old boy a needle, one and five-eighths inches in length, should be used for an injection of the kind involved (a mandibular block anesthesia rather than an infiltration technique addressed to a single tooth) and that the needle should penetrate one inch into the tissue, leaving approximately five-eighths of an inch to be gripped by forceps in case the needle should break. The dental college, on this appeal, suggests the impossibility of a one-inch penetration since the mandible, where the injection was made, is only about one-half inch wide in a child of plaintiff's age. However, the dental college did not, by its proof, relate the size of the mandible, which is the lower jaw bone itself, to the depth of penetration, nor did it take account, in this regard, of the extent of soft tissue surrounding the bone, the position of the nerve to be anesthetized, or the angle at which the needle is inserted. The dental college expert testified that a one-inch needle and a one-half inch penetration was appropriate. An issue was thus presented for the jury to resolve.

Plaintiff's proof concerning negligence in the care, or lack of care, rendered to plaintiff after the needle had broken was not, however, sufficient to present an issue for the jury. Plaintiff's expert merely asserted it was improper to delay surgical intervention for a week. There was no showing that the needle moved during the period of delay or that the delay otherwise made the operation more difficult or improbable of success. Indeed, in a volunteered statement, the expert said he would have kept the plaintiff under observation not because of what did happen but, rather, because of what might have happened. Certainly, no recovery may be had for what might have happened if it did not happen. There was no suggestion of negligence in the performance of the two operations, nor any contention that the delay in undertaking the second operation was unwarranted or could have been avoided. Thus, the claim of negligence in the rendering of aftercare was not proven.

As stated earlier, the jury's verdict exonerated Dr. Wallach but found the dental college negligent. The undisputed proof

shows that Dr. Wallach took plaintiff to the oral surgery department immediately after the needle had broken in the child's jaw and that any further responsibility for the boy's care rested with that or other departments of the clinic. Thus, the verdict would be sustainable only if the jury found that Jacobs, the student dentist, had negligently chosen a short needle for the injection and that Dr. Wallach was in no way responsible for the choice of needles. If the jury based its verdict upon a finding of negligence by the dental college in rendering aftercare, the verdict as to the dental college could not stand.

In this light, then, the variance in the proof, which brought the student dentist into the case, becomes crucial. It afforded the jury an opportunity to exonerate Dr. Wallach and still find against the dental college, either on the claim of negligence in the choice of a needle for the injection, or, on the claim of improper aftercare. Which claim formed the basis for their verdict cannot be determined. Notably, however, a question was asked by the jury during its deliberations whether it was necessary that they make a determination of negligence as to the size of the needle, if negligence had already been determined on other grounds. No direct answer was given to the question and the court merely repeated portions of the main charge. Under the circumstances, and because the basis for the jury's verdict cannot be ascertained with any measure of certainty, where a possible ground would not be sustained by the evidence, or in law, the verdict cannot stand (*Morgan* v. *Robinson*, 3 A D 2d 216).

The consequences which follow from a variance between the pleadings and the proof are governed by section 434 of the Civil Practice Act and rule 166 of the Rules of Civil Practice. Under these provisions, a variance, otherwise material, will not defeat a cause of action unless the adverse party has been misled to his prejudice. Moreover, if the prejudice may be cured by allowing the adverse party additional time and opportunity to meet the unexpected proof, even such a material variance will not be fatal. It is only where an essential allegation to which the proof is directed is unproven in its entire scope or meaning that the claim must fall, not because of the variance but for complete failure of proof.

In the instant case, however, the verdict and judgment must be vacated because of the doubt as to the basis for the jury's verdict. But a new trial is warranted, rather than dismissal of the complaint, because only a variance was involved which was not shown to be material in the sense of the statute and the rule. Defendants merely challenged the evidence regarding the student

dentist as a defect in proof; no adjournment was sought, nor any opportunity to obtain additional refuting evidence.

Nor was there a failure of proof. Both Dr. Wallach and the student dentist were attached to the clinic and present on the day the incident occurred. Their negligence, if any, within the scope of their employment was imputable to the dental college. Neither the complaint nor the bill of particulars specified the precise failing charged to the defendants. In consequence, plaintiff's proof cannot be deemed so far defective as to defeat the claim altogether (*Newman* v. *Pennsylvania R. R. Co.*, 33 App. Div. 171; *Leonard* v. *Home Owners' Loan Corp.*, 270 App. Div. 363, 369–370, amd. 270 App. Div. 867, affd. 297 N. Y. 103; *McCarthy* v. *Troberg*, 275 App. Div. 139; Annotation: Variance —Identity of agent or servant, 139 A. L. R. 1152).

Plaintiff, however, may be well advised to seek an amendment of the complaint prior to the new trial. It is evident from what happened on the first trial that unnecessary confusion for the court and counsel resulted from the departure from the particulars of the accident as pleaded.

Since there is no appeal from the recital in the judgment of the verdict for defendant Wallach upon plaintiff's cause of action, nor an appeal from any judgment upon that verdict, the court may not disturb that verdict. Nor, because of the same reasons and because no such question was raised on the appeal, does it consider the effect of the verdict in favor of defendant Wallach, or the judgment thereafter entered, upon the cross claim against defendant Wallach or upon plaintiff's cause of action against defendant dental college.

Accordingly, the judgment, insofar as it provided for recovery by plaintiff against defendant New York University College of Dentistry and dismissed the cross claim against defendant Wallach should be reversed on the law and a new trial ordered in the exercise of discretion, with costs to abide the event.

BREITEL, J. P., McNALLY, STEUER and BASTOW, JJ., concur.

Judgment insofar as it provided for recovery by plaintiff against defendant New York University College of Dentistry and dismissed the cross claim against defendant Wallach unanimously reversed on the law and a new trial ordered in the exercise of discretion, with costs to abide the event.